IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS JOHN MONTANO,<br><br>Defendant. | CR 18-123-BLG-SPW<br><br>OPINION AND ORDER |

After a jury trial, Defendant Nicholas Montano ("Montano") was convicted on two counts: possession of a controlled substance with intent to distribute and conspiracy to possess a controlled substance with the intent to distribute. Montano moved for a new trial based on newly discovered evidence and that motion was denied because the new evidence was immaterial, amounted to merely impeachment evidence, and was unlikely to alter the jury's verdict if admitted. (Doc. 150). Montano now moves again for a new trial based on newly discovered evidence. (Doc. 156). The Court finds this motion capable of resolution without a hearing. After reviewing the newly discovered evidence, the briefing, and the trial transcript, the Court denies this motion.

//

1

I.  **Background**

The Court recited the factual and procedural background in its order regarding Montano's prior motion; the Court will not do so again. (*See* Doc. 150). The Court will, for clarity, give a short outline here. Montano fled from police at a Billings gas station and was arrested after being pursued to an apartment building. When Montano was arrested, officers found a large amount of cash and a cell phone with incriminating text messages on his person and a bag with 92.5 grams of methamphetamine in the building's hallway. Baggies found with the meth matched those in Montano's abandoned vehicle. Days prior, police recovered and confiscated a backpack containing Montano's social security and health insurance cards along with meth, a syringe, and over $3,000 cash. He was convicted with this evidence as well as the testimony of siblings Joshua Clause and Kayla White. Clause testified that he was a wholesaler of meth who distributed large quantities of meth to subordinates such as Montano, who was responsible for getting the product to street-level dealers. White testified that she saw Montano use and package methamphetamine and that officers recovered Montano's backpack from her car.

Montano's newly discovered evidence consists of: (1) a statement from Jason Mize that White told him that she planned to lie about Montano's involvement at trial; (2) a statement from David Lindell that Clause told Lindell,

2

his cellmate at the time, that Clause was going to lie about Montano's involvement to obtain a better sentence for himself; and (3) a letter from Shaun Nimocks, who states that Clause lied to law enforcement about the amount of meth Clause transferred to Nimocks, apparently in the same drug-distribution structure as Montano, but it is not clear from Nimock's letter. (Doc. 159 at 3-4).

## II. Discussion

Upon the defendant's motion, a district court may vacate the judgment and grant a new trial if the interests of justice so requires. Fed. R. Crim. P. 33(a). The interests of justice include newly discovered evidence. *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005). To prevail on a Rule 33 motion based on newly discovered evidence, a defendant must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal. *Harrington*, 410 F.3d at 601. Courts exactingly apply this test and generally disfavor this measure. 3 Fed. Prac. & Proc. Crim. § 584 (4th ed.).

To satisfy the materiality prong, evidence must be both relevant and admissible. 3 Fed. Prac. & Proc. Crim. § 584 (4th ed.); *see also U.S. v. Orzoff*, 466

3

F. Supp, 926 (C.D. Cal. 1979), aff'd, 603 F.2d 227 (9th Cir. 1979). Newly discovered evidence that is merely impeachment material is insufficient to merit a new trial. *United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991). To go beyond mere impeachment evidence, and therefore to satisfy the fourth prong, the evidence must have a strong exculpatory connection to the charge against the defendant or totally undermine critical evidence. *United States v. Quiles*, 618 F.3d 383, 395 (3rd Cir. 2010).

First, Nimocks' statement—to the extent it is even about Montano's prosecution (which it is not)—blatantly fails each of the elements of the test. It is not newly discovered, as Nimocks made the same statement to police and it was provided to Montano in discovery. It is immaterial to the issues at trial because it does not concern Montano's prosecution except to the extent it apparently demonstrates Clause's propensity for untruthfulness, which renders it merely impeachment evidence. Because of these reasons, there is no cause to believe it would alter the jury's verdict.

The government concedes that Mize and Lindell's proposed testimony meets the first two prongs. Like Samuel Yarbro's letter from Montano's previous motion for a new trial, the statements are bare assertions by third parties recounting that allegedly Clause or White told these individuals they planned to perjure themselves at trial. The Court will therefore begin the analysis with their materiality. The

4

statements are rank hearsay. They are both out-of-court statements presumably offered for the truth of the matter. Neither Mize nor Lindell claims to have any independent knowledge of the case. Their testimony would solely concern Clause and White's alleged statements to them. Therefore, the testimony is hearsay. Montano has not raised any hearsay exceptions that would allow this statement to be admitted for any purpose other than impeachment. As such, their testimony would only be material to the extent that it could be used to impeach Clause's and White's testimony or motives for testifying.

Once again, just like Yarbro, and despite Montano's assertions to the contrary, these statements do not go beyond mere impeachment evidence or totally undermine critical evidence. Both White and Clause assert and re-assert that they testified truthfully and would testify the same way if called again. The only purpose of Mize's and Lindell's statements is to discredit these witnesses. This strategy was already used a trial. Bare assertions by third parties alleging nonspecific lies by witnesses is plainly insufficient to qualify as totally undermining critical evidence.

Lastly, the evidence, if admissible and not merely impeachment evidence, does not support a finding that a new trial would likely result in acquittal. Aside from not addressing the voluminous physical and testimonial evidence from other witnesses connecting Montano to the drugs and the conspiracy that the Court

outlined in its previous order (Doc. 150), it is unlikely that the belated general testimony of two incarcerated individuals who Montano apparently met in prison would persuade the jury into believing, without any other evidence, that Montano was set-up by White and Clause. Furthermore, none of this evidence goes to the pursuit that led to Montano's arrest and does not explain the presence of the cash on Montano, the text messages, the baggies, or the nearby meth. There is little reason to believe the final verdict would be different based on this evidence.

### III. Conclusion

For the foregoing reasons, the Defendant's Motion for a New Trial (Doc. 156) is DENIED and the matter shall once more be set for sentencing.

DATED this 13th day of April 2021.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge